REMINGTON TYPEWRITER COMPANY, APPELLEE, v. E. D.
SIMPSON, APPELLANT.

FILED MARCH 20, 1909.   No. 15,492.

New Trial: SURPRISE.  A party will not be entitled to a new trial for
surprise occasioned by his adversary's evidence when he could
have procured all available evidence to refute it by procuring
a short continuance of the trial, but fails to ask for such con-
tinuance.

APPEAL from the district court for Douglas county:
LEE S. ESTELLE, JUDGE.  *Affirmed.*

*Richard S. Horton,* for appellant.

*W. W. Dodge* and *J. W. Battin,* contra.

EPPERSON, C.

The plaintiff, claiming to be the owner of a typewriter,
brought an action in replevin against the defendant, a
constable, who had seized the same upon an execution
against the Omaha Umbrella Manufacturing Company.
From a judgment rendered in the justice of the peace
court an appeal was taken to the district court, where a
trial was had resulting in a directed verdict and judg-
ment for the plaintiff.  In both courts the plaintiff's
ownership and right to possession were alleged in gen-
eral terms.  The typewriter was found by the defendant
in the possession of the judgment debtor.  In the justice
of the peace court plaintiff introduced evidence for the
purpose of proving that the judgment debtor was, prior
to seizure, in possession of the property under a writ-
ten contract for the purchase thereof, which said con-
tract upon its face purported to be a sale by the plaintiff
to the judgment debtor conditioned for the return of the
property to the plaintiff upon default in the payment
of the purchase price.  In the district court the plaintiff
claimed and introduced evidence to prove that the judg-

ment debtor was in possession of the property under a verbal contract permitting him to examine and use the same with a view of purchasing, if satisfactory; that the judgment debtor never did purchase the property, and that the written instrument above described was a forgery.

In a replevin case the only issue to be determined is the right to the possession of the property, and all that a plaintiff need to allege in setting forth his cause of action is that he is the owner of, or has a special interest in, the property, with the right of possession, and that the property is wrongfully detained by the defendant. He need not set forth the facts upon which he relies, and, for this reason, the plaintiff may on a second trial introduce evidence inconsistent with that relied upon in a former trial, and thereby will not introduce a new or different issue.    Therefore the evidence adduced in the district court was competent, as it tended to prove plaintiff's ownership.

Defendant asked for a new trial on the ground of surprise, in that the evidence introduced was in support of a theory contrary to, or at least inconsistent with, that upon which it relied in the justice of the peace court. The defendant's affidavits in support of the motion for a new trial show his surprise; but, as we view it, the showing came too late to be available.    The record shows that, after the plaintiff introduced the surprising evidence, defendant moved for a directed verdict, thereby expressing his satisfaction with his defense as made.    It appears from the showing later made that defendant could have produced evidence to refute that of the plaintiff had a certain witness, a resident of the place of trial, been present; that such witness was absent, but was expected to return on the afternoon of the day of trial.    The record does not disclose that any adjournment of the trial was requested for the purpose of procuring such evidence.    This should have been done.    Defendant was

57

not justified in suffering the action to proceed to judgment when, as in this case, he knew that the only available evidence could be, or with reasonable certainty would be, available within a short time.

We recommend that the judgment of the district court be affirmed.

DUFFIE, GOOD and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the lower court is

AFFIRMED.